[758 NYS2d 111]

In the Matter of FRED CARUSONA (Admitted as FRED SALVA-
TORE CARUSONA), an Attorney, Respondent. GRIEVANCE
COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 7, 2003

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the petitioner) served the respondent with a petition dated June 1, 2001, containing 18 charges of professional misconduct. After a hearing on February 27, 2002, the Special Referee sustained Charges 1 through 17 and failed to sustain Charge 18. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent's counsel has submitted an affirmation requesting that this matter be referred back to the petitioner for appropriate action.

Charge 1 alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in a "Client Funds Account," in breach of his fiduciary duties.

The respondent operated a "Client Funds Account" at Chemical Bank under master account number 035-0715786-65, captioned the account of "Fred S. Carusona," from approximately March 24, 1995, until August 23, 1996. After the merger of Chemical and Chase Manhattan Banks in August 1996, the respondent operated the same account as an "Escrow and Client Funds Management Account" at Chase Manhattan Bank under the same master account number. That account was maintained from approximately August 24, 1996, until May 26, 1998.

During the period March 24, 1995, through May 26, 1998, the respondent used that account for the receipt and disbursement of funds which came into his possession incident to his practice of law. From approximately April 19, 1995, through May 11, 1995, the account balance was below zero.

Charge 2 alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in the Client Funds Account, in breach of his fiduciary duties.

Beginning approximately May 19, 1995, and continuing until approximately May 22, 1995, the balance in the account was below zero.

Charge 3 alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in the Client Funds Account, in breach of his fiduciary duties.

Beginning approximately July 25, 1995, and continuously thereafter until approximately August 3, 1995, the balance in the account was below zero.

Charge 4 alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in the Client Funds Account, in breach of his fiduciary duties.

Beginning approximately August 14, 1995, and continuously thereafter until approximately August 18, 1995, the balance in the account was below zero.

Charge 5 alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in the Escrow and Client Funds Management Account, in breach of his fiduciary duties.

Beginning approximately January 6, 1997, until January 7, 1997, the balance in the account was below zero.

Charge 6 alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in the Escrow and Client Funds Management Account, in breach of his fiduciary duties.

Beginning approximately February 10, 1997, until February 11, 1997, the balance in the account was below zero.

Charge 7 alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in the Escrow and Client Funds Management Account, in breach of his fiduciary duties.

Beginning approximately March 25, 1997, and continuously thereafter until approximately March 27, 1997, the balance in the account was below zero.

Charge 8 alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in the Escrow and Client Funds Management Account, in breach of his fiduciary duties.

Beginning approximately May 27, 1997, and continuously thereafter until approximately May 30, 1997, the balance in the account was below zero.

Charge 9 alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in the Escrow and Client Funds Management Account, in breach of his fiduciary duties.

Beginning approximately July 3, 1997, and continuously thereafter until approximately July 11, 1997, the balance in the account was below zero.

Charge 10 alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in the Escrow and Client Funds Management Account, in breach of his fiduciary duties.

Beginning approximately August 11, 1997, and continuously thereafter until approximately September 12, 1997, the balance in the account was below zero.

Charge 11 alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in the Client Funds Account, and in the Escrow and Client Funds Management Account, in breach of his fiduciary duties.

Beginning approximately April 5, 1995, and continuously thereafter until approximately January 21, 1998, the respondent used client funds at Chemical and Chase Manhattan Banks to receive and disburse funds he obtained incident to his practice of law on behalf of Nicholas Jennings. On one or more dates during that interval, the balance on deposit for the

Jennings matter fell below the level which should have been maintained for that client.

Charge 12 alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR1-102 (a) (7) (22 NYCRR 1200.3[a] [7]), by failing to maintain a sufficient balance in the Escrow and Client Funds Management Account, in breach of his fiduciary duties.

Beginning approximately October 10, 1996, and continuously thereafter until approximately March 27, 1997, the respondent used client funds at Chase Manhattan Bank to receive and disburse funds he obtained incident to his practice of law on behalf of Osman, Ltd. On one or more dates during that interval, the balance on deposit for the Osman, Ltd. matter fell below the level which should have been maintained for that client.

Charge 13 alleges that the respondent failed to properly identify an escrow account, in violation of Code of Professional Responsibility DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2]), by failing to indicate it as an "Attorney Special," "Attorney Trust," or "Attorney Escrow" account.

Neither the checks nor the deposit tickets which the respondent had for his Chemical/Chase Manhattan bank account were properly labeled during the aforesaid time period.

Charge 14 alleges that the respondent permitted a nonlawyer to have signatory privileges on an attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]).

During the aforesaid time period, the respondent permitted Jennifer Cook, a nonlawyer, to be a signatory on the subject account, as well as one or more subaccounts associated with that account.

Charge 15 alleges that the respondent permitted a nonlawyer to have signatory privileges on an attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]).

During the aforesaid time period, the respondent permitted Gregory DeStefano, a nonlawyer, to be a signatory on the subject account, as well as one or more subaccounts associated with that account.

Charge 16 alleges that the respondent failed to ensure that all disbursements made from his attorney special account were made to a named payee, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]).

During the aforesaid time period, the respondent disbursed and/or caused or permitted the disbursement of numerous checks payable to cash from the subject account.

Charge 17 alleges that the respondent failed to make accurate entries of all financial transactions pertaining to a special account, in violation of Code of Professional Responsibility DR 9-102 (d) (9) (22 NYCRR 1200.46 [d] [9]).

The respondent failed to make accurate contemporaneous entries in his records for checks disbursed from the subject account on one or more occasions during the aforesaid time period.

Based on the evidence adduced, including the respondent's admissions, the Special Referee properly sustained Charges 1 through 17.

In determining an appropriate measure of discipline to impose, the respondent suggests that this matter be sent back to the petitioner for whatever action it deems appropriate in view of his record as a wounded and decorated Vietnam War veteran, his decades-long work as a dedicated public service attorney, the Special Referee's finding that he did not personally benefit from any rule violations, the fact that he never previously had an escrow account, his motivation to help two of his friends, his extensive cooperation with the petitioner, and his admission that he had made mistakes.

The respondent terminated his escrow account in early 2000. It was inactive before that. He no longer represents any of the clients whose matters are involved in this proceeding. The respondent terminated his relationship with Mr. Jennings because of the latter's alcohol abuse and his failure to try to rehabilitate himself when he was hospitalized. Mr. Jennings died in approximately 1999 or 2000.

The respondent has no prior disciplinary history.

In view of the lack of venality on the respondent's part, the absence of harm to any client, the respondent's long history of government service and his resultant inexperience with escrow accounts, his unblemished record, the remedial steps he has taken, the limited use to which his escrow account was put, and the evidence that his escrow errors were attributable to failure to timely transfer available funds between master and subaccounts, the respondent is publicly censured.

Prudenti, P.J., Ritter, Santucci, Altman and Friedmann, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Fred Carusona, is censured for his professional misconduct.